UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Vincent A. Dobrski, | CASE NO: 5:15CV2359 |
| Plaintiff, | JUDGE JOHN ADAMS |
| v. | **ORDER AND DECISION** |
| International Union United Automobile, Aerospace and Agricultural Implement Workers of America, et al., | (Resolving Docs. 4, 8, and 11) |
| Defendants. | |

Pending before the Court are motions to dismiss filed by the Defendant Union and Defendant Ford Motor Company.  Docs. 4 and 11.  In addition, Plaintiff Vincent Dobrski has sought an entry of default.  Doc. 8.  The motion for default is DENIED.  The motions to dismiss are hereby GRANTED and the complaint is dismissed.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of

> *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts and Analysis**

On November 18, 2015 Dobrski filed the instant complaint against the Union ("UAW") and Ford Motor Company. In his complaint, Dobrski alleges that he was terminated from his employment with Ford on April 26, 2007. Based upon that termination, Dobrski alleges that the Union should have pursued a grievance on his behalf. Based upon a review of the motions to dismiss, it appears that Dobrski has pursued legal action based on the failure to pursue a grievance in nearly half a dozen pieces of litigation. In fact, Dobrski has unsuccessfully pursued identical claims before

2

this Court on numerous occasions, including at least three matters dismissed by others on this bench.

Based upon these prior filings and others in state court, both defendants have sought dismissal. In both motions, the defendants assert that the complaint is subject to dismissal under theories of issue preclusion and claim preclusion. Both defendants also allege that any claims are barred by the applicable statute of limitations. The Court finds merit in all of these arguments.

The Supreme Court has noted:

> [t]he preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984) (citations omitted).

Dobrski appears to concede that he has raised his claims unsuccessfully in prior litigation. However, he contends that he has never named the UAW in prior suits and therefore his current complaint should be permitted to move forward. However, "naming additional parties is not sufficient to avoid the application of claim preclusion." *Helfrich v. Metal Container Corp.*, 102 F. App'x 451, 453 (6th Cir. 2004). As Dobrski seeks to litigate claims that are identical in every sense to his prior litigation, the defendants' arguments regarding both issue preclusion and claim preclusion are well taken.

3

Additionally, the Court would note that even if issue and claim preclusion were inapplicable, Dobrski's claim is barred by the statute of limitations.  Dobrski concedes that he is attempting to bring a hybrid Section 301 claim.  Hybrid Section 301 claims are subject to a six-month statute of limitations.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983).  Furthermore, that time period "begins to run when the claimant knows or should have known of the union's alleged breach of its duty of fair representation." *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 667 (6th Cir. 1997).  In his own complaint, Dobrski notes that he has been terminated for more than 8.5 years.   He has contacted numerous counsel and filed numerous lawsuits spanning that entire time frame.  His sole attempt to avoid the application of the statute of limitations is to contend that he is still sending correspondence to numerous union officials.  Accepting this as true, Dobrski's actions do not affect the Court's analysis.  An objective person would have known of the alleged breach of the duty of fair representation well more than five years before this lawsuit was initiated.  Accordingly, the complaint was filed well beyond the six-month statute of limitations.

**IV. Conclusion**

For the reasons stated above, both defendants' motions to dismiss are GRANTED.  The complaint is hereby DISMISSED.

IT IS SO ORDERED.

April 4, 2016  /s/ *Judge John R. Adams*
Date  JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT